IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  PHARAOHTON W. BUTLER,   )<br>                                                 )<br>                   **Plaintiff,**        )<br>                                                 )<br>v.                                              )     Case No. __CIV-14-1170-HE__<br>                                                 )<br>1.  US FOODS, INC. dba US FOODS, a )<br>    Foreign for Profit Corporation,     )<br>                                                 )<br>                   **Defendant.**     ) | |

## COMPLAINT

COMES NOW Plaintiff, **PHARAOHTON BUTLER,** by and through his attorney of record, Terry A. Hall of Hall, Nalley & Holloway, and files this Complaint seeking declaratory and injunctive relief, compensatory and equitable damages, damages to compensate for any tax consequences of this judgment, punitive damages, and costs and attorney fees, for violations of Americans with Disabilities Act of 1990, 42 U.S.C.§§ 12101, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981, by Defendant and suffered by Plaintiff, Pharaohton Butler.

### PARTIES, JURISDICTION, VENUE & CONDITIONS PRECEDENT

1. Plaintiff was a resident of Oklahoma City, Oklahoma County, State of Oklahoma at all times relevant to this suit.

2. Plaintiff is a member of a class of persons protected by the Title VII of the Civil Rights Act, to wit: African American.

1

3. Defendant is a foreign for profit business corporation which does business in Oklahoma County, State of Oklahoma.

4. Plaintiff timely filed his charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging that Defendant discriminated against him based upon his race. Plaintiff has exhausted his administrative remedies as to his race claims.

5. Plaintiff has timely filed his Complaint in this matter after his receipt of his Right to Sue letter.

6. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1367(a). Venue is proper under 28 U.S.C. § 1391(b), and because all of Defendant's actions and omissions that are alleged herein occurred within Tulsa County, State of Oklahoma and within this judicial district, jurisdiction and venue is proper in this Northern District of the United States District Court.

**FACTS**

7. Plaintiff was hired by Defendant May 29, 2013 as a Yard Jockey/ Driver at its Oklahoma City Operations.

8. During Plaintiff's employment, he was subjected to discrimination based on his disability and race as follows:

   a. Plaintiff was singled out for disciplinary action in comparison to othis similarly situated white employees who were not disabled;

    b. Plaintiff was denied a severance package and early release when coworkers similarly situated but without his disability were allowed a severance package.

9. During Plaintiff's employment, Defendant breached employment contracts with Plaintiff as follows:

    a. Plaintiff was not given a pay scale change even after an agreement was signed;

    b. Plaintiff was not paid for the correct hours when driving even after offer and acceptance had occurred before Plaintiff left and completed route;

    c. Plaintiff did not receive the correct severance package;

    d. Plaintiff was made to accept a severance package different than that contracted for.

10. Kris Myer Peters, Plaintiff's immediate supervisor, told Plaintiff that although he completed routes for drivers, or even when he ran his own truck, he could never receive driver's pay because he's not a driver.

11. Toney Jones, Plaintiff's immediate supervisor, told Plaintiff to leave the yard and help another driver, Edward Wallace, for certain priority jobs, specifically driving to Tulsa, even when Plaintiff was out of drive hours.

**FIRST CLAIM: RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

For the First Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

12. That, as a member of a protected class, to wit: African-American, Plaintiff is protected by the provisions of the Title VII of the Civil Rights of Act of 1964, 42 U.S.C. § 2000e et. seq.

13. That this disparate treatment of Plaintiff by Defendant was a direct result of discrimination on the basis of race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

14. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based on his race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

15. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances.

16. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

## SECOND CLAIM: HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

For the Second Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

17. That Plaintiff was subjected to discriminatory conduct, and that the motivating reason for this treatment is based on his race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

18. That said conduct has had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

19. That said conduct has created an intimidating and hostile working environment for Plaintiff.

20. That said conduct was repeated and frequent while Plaintiff was employed by Defendant.

21. That the harassers who were responsible for said conduct were Plaintiff's supervisors.

22. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances by Plaintiff.

### THIRD CLAIM: RETALIATION IN VIOLATION OF TITLE VII

For the Third Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

23. That Plaintiff followed the proper procedures as an employee of Defendant in exercising his federally protected civil rights and complained about discrimination that he had witnessed as an employee and that he had experienced as an employee of said Defendant.

24. That as a direct result of Plaintiff's complaints, Defendant altered the terms, conditions, and/or privileges of Plaintiff's employment.

25. That Defendant retaliated against Plaintiff for exercising his federally protected rights: to work in a workplace free of racial and sexist discrimination, and to receive equal opportunities.

**FOURTH CLAIM: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

For the Fourth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

26. That as a member of a protected class, to wit: African American, Plaintiff is protected from race discrimination under 42 U.S.C. § 1981;

27. That the disparate treatment of Plaintiff by Defendant was a direct result of discrimination on the basis of race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

28. That, Plaintiff was unfairly treated and that the motivating reason for this treatment was based on his race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

29. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances.

30. That the conduct complained of constitutes illegal race discrimination in violation of 42 U.S.C. § 1981.

## FIFTH CLAIM: HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1981

For the Fifth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

31. That Plaintiff was subjected to discriminatory conduct, and that the motivating reason for this treatment is based on his race, to wit: African-American, as prohibited by 42 U.S.C. § 1981.

32. That said conduct has had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

33. That said conduct has created an intimidating and hostile working environment for Plaintiff.

34. That said conduct was repeated frequently while Plaintiff was employed by Defendant.

35. That the harassers who were responsible for said conduct were Plaintiff's co-workers and supervisors.

36. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances by Plaintiff.

## SIXTH CLAIM: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

For the Sixth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

37. That Plaintiff followed the proper procedures as an employee of Defendant in exercising his federally protected civil rights and complained about discrimination that he had witnessed as an employee and which he had experienced as an employee of said Defendant.

38. That as a direct result of Plaintiff's complaints, Defendant altered the terms, conditions, and/or privileges of Plaintiff's employment with Defendant.

39. That Defendant retaliated against Plaintiff for exercising his federally protected rights: to work in a workplace free of racial discrimination, and to receive equal opportunities.

### SEVENTH CLAIM DISCRIMINATION IN VIOLATION OF THE ADA

For the Seventh Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

40. Plaintiff is a disabled person as defined by the ADA in that he suffers from a disabling medical condition. Alternatively, Plaintiff was perceived as a disabled individual by Defendant or had a record of having such impairment.

41. Plaintiff is qualified, with or without reasonable accommodation, to perform the essential functions of the position he held during his employment.

42. During his employment, Plaintiff attempted to engage in the informal, interactive process in which he sought a reasonable accommodation from Defendant to alleviate the effects of his disabling condition and to continue working.

43. Although Defendant purported to engage in this deliberative process with Plaintiff, it failed to continue to provide any accommodation to him after appropriate accommodations were recommended to Defendant' agents and/or employees.

44. Defendant's failure to make reasonable accommodations to the known physical limitations of Plaintiff, an otherwise qualified individual with a disability, violates the ADA.

45. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected by Defendant' refusal to accommodate Plaintiff's known or perceived physical limitations.

46. By and through, but not limited to, the actions described above, Defendant have violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*.

47. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

48. Defendant' actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to him.

49. Plaintiff has been injured by this discrimination, and is entitled to compensatory and punitive damages and any other damages allowed under the ADA.

## <u>EIGHTH CLAIM: BREACH OF EXPRESS OF IMPLIED CONTRACT</u>

For the Eighth Claim, Plaintiff re-alleges and incorporates by reference the forgoing paragraphs and states:

50. The Defendant made an express promise to pay Plaintiff for performing certain services for Defendant, thereby constituting a valid offer to Plaintiff.

51. The Defendant offered to pay compensation to the Plaintiff for performance for those services, thereby providing adequate consideration for the contract.

52. That Plaintiff did in fact through verbal assertions and through performance accept the offer made by Defendant to Plaintiff.

53. That Defendant did, in fact, breach the aforementioned contract by accepting services and all benefits derived therefrom, without providing compensation to Plaintiff consistent with the argument.

54. By failing to adhere to its written agreements with Plaintiff regarding pay scale, pay, hours paid, severance package, and job position/ title, which Plaintiff read and signed and relied upon to his detriment, Defendant has breached its express and implied contractual obligations to this Plaintiff.

55. As a result of the aforementioned violation, Defendant thereby injured Plaintiff, by not providing Plaintiff with the correct position/ title, pay scale, pay, hours paid, and severance package.

56. The actions of Defendant were intentional and in reckless disregard of Plaintiff's rights, for which Defendant is liable.

## JURY TRIAL REQUESTED

57. Plaintiff is entitled to a jury trial under the Americans with Disabilities Act of 1990, 42 U.S.C.§§ 12101, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,  42 U.S.C. § 1981 and hereby requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays for judgment as follows:

A.  Payment of back wages, benefits and compensation;

B.  Reinstatement to his former position, or alternatively, appropriate front pay;

C.  All compensatory damages, including, but not limited to, damages for humiliation, loss of dignity, and loss of enjoyment of life;

D.  Declaratory and injunctive relief, as appropriate;

E.  An assessment of damages to compensate for any tax consequences of this judgment;

F.  Prejudgment interest;

G.  Costs and attorney fees, and any other relief this Court deems just and equitable.

Respectfully submitted,

HALL, NALLEY & HOLLOWAY, PLLC


 /s/ Terry A. Hall
Terry A. Hall, OBA #10668
1101 N Harrison, Suite D
Shawnee, Oklahoma 74801
(918) 948-6982
(405) 260-9330 (facsimile)
thall@okhnhlaw.com
Attorneys for Plaintiff